Kevin B. FITZGERALD, et al., Appellants

v.

**DISTRICT OF COLUMBIA HOUSING FINANCE AGENCY, Appellee.**

No. 05–7132.

United States Court of Appeals, District of Columbia Circuit.

May 22, 2006.

Rehearing En Banc Denied July 11, 2006.

Zachary Jay Wolfe, People's Law Resource Center, Washington, DC, for Appellants.

Andrew Joseph Terrell, Gustav Peter Chiarello, III, Whiteford, Taylor & Preston LLP, Washington, DC, for Appellee.

Before: GINSBURG, Chief Judge, and TATEL and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the judgment of the district court dismissing the tenants' amended complaint for want of standing be reversed and the case be remanded with instructions to dismiss for failure to state a claim. The tenants have standing to sue based upon the Housing Finance Agency's failure to adopt "procedures for evictions and protections from retaliatory action" as required by D.C.Code § 42–2703.08(b). *See Ctr. for Law & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1159–60 (D.C.Cir.2005) (plaintiffs "need not demonstrate that, but for the procedural defect, the final outcome ... would have been different"; it is sufficient to demonstrate a procedural right has been violated and such violation resulted in the invasion of a concrete and particularized interest); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 572 n. 7, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The tenants have failed, however, to state a federal cause of action. Fed.R.Civ.P. 12(b)(6). They have no property right in the procedures required by § 42–2703.08(b). *See Griffith v. FLRA*, 842 F.2d 487, 495 (D.C.Cir.1988) ("legislative provision of procedural safeguards cannot in itself create a property interest for purposes of due process analysis"); *see also Shvartsman v. Apfel*, 138 F.3d 1196, 1197–98 (7th Cir.1998) (rejecting plaintiffs' attempt to claim as property the "fair opportunity" to establish continuing eligibility for food stamps). Accordingly, the tenants do not assert a cognizable interest and their attempt to bring suit for the deprivation of those procedures without due process must fail.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.